**Amendments to Vehicle Code**

326

FREDERIC G. ANTOUN, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, October 7, 1957.—You have requested advice as to the wording of section 1201 of The Vehicle Code of May 1, 1929, P. L. 905, as a result of that section having been amended by the following acts: Act of June 14, 1957, P. L. 313; Act of June 21, 1957, P. L. 356; Act of July 3, 1957, P. L. 470, and Act of July 5, 1957, P. L. 497.

The Act of June 14, 1957, P .L. 313, directs that all informations charging violations of The Vehicle Code in the City of Philadelphia be brought before any magistrate of the Traffic Court of Philadelphia, rather than before the nearest available magistrate.

The Act of June 21, 1957, P. L. 356, authorizes police officers in cities of the second class to present alleged offenders of The Vehicle Code a notice to appear in central traffic court.

The Act of July 3, 1957, P. L. 470, vests authority in a police officer making an arrest on a turnpike to file the information before the nearest available magistrate within the county where the alleged violation occurred in either direction from the first exit, interchange or emergency exit. The amendment also permits prosecution for a misstatement of facts made in any application or affidavit filed with the Secretary of Revenue to be prosecuted in the county where the

application was filled in or in Dauphin County, where the application was received by the secretary.

The Act of July 5, 1957, P. L. 497, requires that informations charging violations shall contain such information as the Secretary of Revenue deems necessary for his records.

The Statutory Construction Act of May 28, 1937, P. L. 1019, as amended by the Act of May 27, 1953, P. L. 242, section 1, 46 PS §575, specifically states:

"Whenever two or more amendments to the same provision of a law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the changes in the law made by each shall be given effect and all the amendments shall be read into each other. . . ."

You are advised, therefore, that section 1201, as amended by the 1957 session of the General Assembly, is as follows, 75 PS §731:

Section 1201. Limitations of Actions.— (a) Informations, charging violations of any of the summary provisions of this act in such detail as the department may prescribe as being necessary for its records, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred, except for informations charging any such violations in the City of Philadelphia which shall be brought before any magistrate of the Traffic Court of Philadelphia, and except violation of section 620, subsection (j), shall be determined to have occurred in the county where the affidavit was sworn to, or where the form was filled in, or in Dauphin County where the application or form was received by the department, and except informations charging any such violation upon any turnpike or highway under the supervision of the Pennsylvania Turnpike Commission, which shall be brought before the available magistrate within the

county where the alleged violation occurred who is nearest in either direction to the first exit or interchange or emergency exit from that part of the turnpike or highway where the alleged violation occurred; where there is no substantial difference between the respective distances from the place where the alleged violation occurred or the exit or interchange or emergency exit from a turnpike to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township in the county, within fifteen (15) days after the commission of the alleged offense and not thereafter, except that where an information is filed against a person prima facie guilty of a summary offense, and it subsequently appears that a person other than the person named in the information was the offender, an information may be filed against such other person within fifteen (15) days after his or her identity shall have been discovered, and excepting further, that informations charging violations of the provisions of §§205, 207, 210, 212, 213, 406.1, 506(a), 511, 610.1, 620(b), (c), (j), 813, 823.1, 1023.1 and 1025(d) of this act may be brought within fifteen (15) days after it is discovered that a violation of any of these sections has been committed.

(b) Where the offense committed is designated a felony or misdemeanor, information may be filed as now provided by law.

(c) Any salaried police officer, excluding any person compensated solely or in part by fees, who shall be a member of a police department organized and operating under the authority of cities of the first, second and third class, borough, incorporated town or

township of the first class, when in uniform and exhibiting his badge or other sign of authority, whenever a summary offense as described in this act is committed in his presence, shall be vested with the authority to stop and present to the alleged offender a printed notice to appear before the nearest available magistrate, or in cities of the first class or cities of the second class, any magistrate sitting in the central traffic court. The notice shall have the full force and effect of a summons issued in the name of the Commonwealth. The notice to appear shall bear the name and address of the alleged offender, his operator's license and the license number and type of vehicle or other means of identification, if a pedestrian, the nature of the offense charged, the location, date and time when and where the alleged offense took place, and shall be signed by the police officer issuing the notice, and shall bear his number, and date and time for the appearance of the offender before the nearest available magistrate having jurisdiction over summary offenses as defined by this act. The date and time for appearance shall be not less than five (5) days nor more than fifteen (15) days of the date of the alleged offense. Within twenty-four (24) hours after presenting to the alleged offender, the printed notice, as provided herein, the police officer shall file a sworn information, charging the violation of the specific summary provisions of this act in such detail as the department may prescribe as being necessary for its records, with the court having jurisdiction under this act.

(d) Any person who receives from a police officer a notice to appear, as provided in subsection (c) of this section, has the privilege of paying the prescribed fine to such magistrate before or within the time specified in the notice to appear by entering a plea of guilty and waiving appearance in court. The court, upon

accepting the fine, shall issue a receipt to such person acknowledging payment thereof, and shall immediately record the payment upon the docket.

(e) A failure to respond to the notice to appear, provided in subsection (c) of this section, shall have the same effect as a failure to appear in cases wherein the proceedings are commenced by the filing of information under this act.